IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, ) | | |
| Plaintiff, ) | | |
| vs. ) | No. 10 cv 6003 | |
| ARLENE KAGAN, ) | | |
| Claimant-Defendant, ) | | |
| TAMMY KAGAN, ) | Hon. Ruben Castillo | |
| SCOTT KAGAN and RICHARD KAGAN, ) | District Judge, presiding. | |
| Defendants. ) | | |

**CLAIMANT-DEFENDANT ARLENE KAGAN'S
ANSWER TO CROSS-CLAIMANTS' STATEMENT OF MATERIAL FACTS
PURSUANT TO LOCAL RULE 56.1(b)(3)**

NOW COMES Claimant-Defendant, ARLENE KAGAN, by and through her attorney, STEPHEN M. KOMIE of KOMIE AND ASSOCIATES, and answers Cross-claimants' Statement of Material Facts Pursuant to Local Rule 56.1(b)(3). In support thereof, respectfully states as follows:

**I. The Parties and Jurisdiction**

1. Plaintiff, Minnesota Life, is a corporation incorporated under the laws of the State of Minnesota with its principal place of business in St. Paul, Minnesota. See Attached Exhibit A, Complaint for Interpleader at ¶ 2; Exhibit B, Defendants Tammy, Scott, and Richard Kagan's Answer to Complaint and Cross Claim, at ¶ 2.

**ANSWER:** Admit.

2. Claimant- Defendant, Arlene Kagan, is the surviving spouse of Allen Kagan and is a citizen of the State of Illinois. Ex. B, ¶ 3; Exhibit C, Arlene Kagan's Answer to Complaint at ¶¶ 3, 8.

**ANSWER:** **Admit.**

3. Cross- Claimant- Defendant, Tammy Kagan, is a surviving daughter of Allen Kagan and is a citizen of the State of Illinois. Ex. B, ¶ 4; Ex. C, ¶¶ 4, 8.

**ANSWER:** **Admit.**

4. Cross- Claimant- Defendant, Scott Kagan, is a surviving son of Allen Kagan and is a citizen of the State of Illinois. Ex. B, ¶ 5; Ex. C, ¶¶ 5, 8.

**ANSWER:** **Admit.**

5. Cross- Claimant- Defendant, Richard Kagan, is a surviving son of Allen Kagan and is a citizen of the State of Illinois. Ex. B, ¶ 6; Ex. C, ¶¶ 6, 8.

**ANSWER:** **Admit.**

6. The amount in controversy exceeds the sum of $ 75,000.00. Ex. B, ¶ 7.

**ANSWER:** **Admit.**

7. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 because there exists complete diversity between the stakeholder Minnesota Life, and the claimants and the amount in controversy exceeds $75, 000.00. Ex. A, ¶ 8; Ex. B, ¶ 8.

**ANSWER:** **Admit.**

**II. General Facts**

8. On August 8, 2006, Allen Kagan and Arlene Kagan entered into an Antenuptial Marital Property Agreement. Ex. A ¶ 9; Ex. B, ¶ 9; Exhibit D, Antenuptial Agreement.

   **ANSWER:  Admit.**

9. On August 13, 2006, Allen Kagan and Arlene Kagan were married. Exhibit E, Marriage Certificate of Allen and Arlene Kagan.

   **ANSWER:  Admit.**

10. The late Allen Kagan died on December 2, 2009. Ex. A, ¶ 10; Exh. B, ¶ 10; Exhibit F, Death Certificate of Allen Kagan. He was buried two days later on December 4, 2009. Ex. F.

    **ANSWER:  Admit.**

11. According to the terms of the Antenuptial Agreement and Schedule A attached thereto, Allen Kagan's non-marital property was valued at approximately $1,575,000.00 at the time of execution of the agreement. Ex. D at Schedule A.

    **ANSWER:  Denied. The cited exhibit does not support this statement. Please note, Schedule A is a two (2) page document.**

12. Allen Kagan died leaving a Last Will and Testament that, other than a purported gift of a grave site and $100,000.00 left to Arlene Kagan, bequeathed the balance of his estate to his children, the Cross-Claimants

Tammy, Richard and Scott. There was [sic] not enough assets in the estate to distribute funds to Arlene or to probate the estate. Exhibit I, Will of Allen Kagan, deceased; Exhibit J, Affidavit of Tammy Kagan, ¶ 13.

**ANSWER:** **Deny. First Objection, the statements are legal conclusions. Second Objection, insufficient foundation. Affiant does not have personal knowledge of the facts alleged. Decedent's Will was not probated and, therefore, there was no inventory of the estate. Ergo, it is impossible to have knowledge of whether there were "enough assets in the estate to distribute funds to Arlene or to probate the estate."**

### III. The Insurance Policies

13. Minnesota Life issued a certificate of insurance to Allen Kagan under Minnesota Life Group Policy No. 28731 on behalf of SuperValu ("the Policy"). Ex. A, ¶ 11; Exh. B, ¶ 11.

**ANSWER:** **Admit.**

14. The Policy provides employee benefits upon death of $74,000.00 in basic coverage and $341,000.00 in supplemental coverage. Ex. A, ¶ 11; Ex. B, ¶ 11

**ANSWER:** **Admit.**

15. The terms of the insurance policy, or contract, state, "the death benefit [will be paid to the beneficiary] at the insured's death." Exhibit G, Minnesota Life Insurance Policy ("Policy"), at ML0223. Allen Kagan never

4

specifically designated Arlene Kagan as a beneficiary on the Policy, rather the spouse is a default beneficiary if no specific designation is made. *Id.*

**ANSWER:** **Admit that, "[t]he terms of the insurance policy, or contract, state, 'the death benefit [will be paid to the beneficiary] at the insured's death.'"**

**Objection to the remainder of the statement, "Allen Kagan never specifically designated Arlene Kagan as a beneficiary on the Policy, rather the spouse is a default beneficiary if no specific designation is made," as a legal conclusion and argumentative.**

**Further, the remainder of the statement is denied because the citation does not support the conclusion that "Allen Kagan never specifically designated Arlene Kagan as a beneficiary on the Policy." Page ML00223 of Exhibit G is a standard page from the policy sent to all policyholders, thus there is no mention of any specific beneficiary anywhere on the page.**

16. The Policy further provides that an insured can change beneficiaries if, "(1) the insured's coverage is in force; (2) we have written consent of all irrevocable beneficiaries; (3) you have not assigned the ownership of your insurance. A request to add or change a beneficiary must be made in writing. All requests are subject to our approval. **A change will take effect as of the date it is signed, but will not affect payment we**

5

**make or action we take before receiving your notice**." (emphasis added). *Id.*, at ML00269.

**ANSWER: Admit the quoted language appears in the policy.**

17. On or about August 15, 2008, Allen Kagan, completed in writing a Beneficiary Designation and Change Request form for the Minnesota Life Insurance Policy at issue. Exhibit H, Beneficiary Designation and Change Request; see also Ex. J, ¶ 10.

**ANSWER: Deny. Objection, there is no foundation for this statement. Author of supporting affidavit does not have personal knowledge of when this document was "completed." *Inland Real Estate Development, LLC v. HPD Cambridge, Inc.*, 2010 WL 3404834, (N.D.Ill. 2010).**

18. In December, 2009, after their dad passed, Tammy, Scott and Richard Kagan submitted the Change of Beneficiary Designation form dated August 15, 2008, to Minnesota Life. Ex. H; Ex. J, ¶ 14.

**ANSWER: Admit.**

19. The contractual insurance policy provides for interest on the death benefit from the date of death to date of payment of not less than four percent (4%) per year. Ex. H at ML0223.

**ANSWER: Admit.**

### IV. Allen Kagan's Intent To Change Beneficiaries

20. Shortly after their August 13, 2006, marriage, Allen Kagan and Arlen [sic] Kagan began having marital difficulties. Ex. J¶ 4.

**Answer: Deny. Objection that this fact is in dispute. CITE Arlene.**

21. From at least early 2008 up until the time he passed away, Allen Kagan and Arlene Kagan were involved in marriage counseling. Ex. J ¶ 5.

**ANSWER: Deny. Objection, there is no foundation for this statement. Author of supporting affidavit does not have personal knowledge of purported marriage counseling. Further, said statement should be stricken based on Claimant's motion to strike filed contemporaneously with this response. Fed.R. Evid. 501; 740 ILCS § 110/10.**

22. Allen Kagan made notes in his personal handwriting regarding their marital counseling issues. Exhibit K, Allen Kagan's handwritten notes; Ex. J ¶¶ 15, 17.

**ANSWER: Deny. Objection, there is no foundation for this statement. Author of supporting affidavit does not have personal knowledge of purported marriage counseling. Further, said statement should be stricken based on Claimant's motion to strike filed contemporaneously with this response. Fed.R. Evid. 501; 740 ILCS § 110/10.**

23. Allen Kagan made handwritten notes regarding his estate on a November 14, 2008, Insurance Summary. Exhibit L, Allen Kagan notes on November 14, 2008, Insurance Summary; Ex. J, ¶¶ 15, 18.

**ANSWER: Deny. Objection that there is no foundation for this statement. Author of supporting affidavit does not have personal knowledge if these purported notes concerned "his estate." Further, this statement is a an improper legal conclusion.**

24. Allen Kagan's notes, Ex. L, detail his life insurance proceeds he calculated to be $1,535,000 with a specific notation "ARLENE - 100,000 (TO HER)". *Id.*

**ANSWER: Deny. Objection that this statement is pure legal conclusion. Further, there is no foundation for this statement. Author of supporting affidavit does not have personal knowledge that "Allen Kagan's notes, Ex. L, detail his life insurance proceeds he calculated to be $1,535,000 with a specific notation 'ARLENE - 100,000 (TO HER)'".**

25. Allen Kagan specifically designated the following family members on the following accounts and policies:

| Institution | Account No: | Amount | Designation |
| --- | --- | --- | --- |
| Chase Bank | CD ending in 0696 | 2109.87 | Tammy/Richard |
| Chase Bank | CD ending in 0737 | 2109.87 | Tammy/Richard |

| | | | |
|---|---|---|---|
| Chase Bank | CD ending in 0711 | 2109.87 | Tammy/Richard |
| Chase Bank | CD ending in 0703 | 2109.87 | Tammy/Richard |
| Chase Bank | CD ending in 0729 | 2109.87 | Tammy/Richard |
| Chase | savings ending in 9102 | 250.00 | Tammy/her son Michael |
| Target | 401(k) ending in 0043 | 210,000.00 | Tammy/Richard/Scott |
| Chase | IRA ending in 5435 | 39,867.00 | Tammy/Richard/Scott |
| Merrill Lynch | ending in 7294 | 12,338.64 | Sharon Kagan |
| Minnesota Life Target Policy | ending in 6726 | 100,000.00 | Tammy/Richard/Scott |
| Minnesota Life Target Policy | ending in 0156 | 305,000.00 | Tammy/Richard/Scott |
| Transamerica Life | ending in 7642 | 250,000.00 | Tammy/Richard/Scott |
| Transamerica Life | ending in 2132 | 250,000.00 | Tammy/Richard/Scott |

Allen Kagan also left the Children, as beneficiaries of a land trust, his home, which was sold for approximately $530,000.00.

Ex. J, ¶¶ 6-12.

**ANSWER: Admit.**

26. Arlene Kagan was not a specifically designated beneficiary on any account or policy listed on Exhibit A to the Antenuptial Agreement or any other policy or account, other than their joint checking with a very minimal balance. (Ex. D, Ex. J ¶ 13).

**ANSWER:** **Deny. Arlene Kagan was specifically designated on at least one of the policies listed on Exhibit A to the Antenuptial Agreement during the course of the marriage. See Arlene Kagan's Statement of Additional Facts,** *infra***, at ¶A3.**

# Claimant Arlene Kagan's Statement of Additional Facts Pursuant to Local Rule 56.1 (b)(3)(C)

A1. On or about July, 2006, approximately one month before marrying Allen Kagan, Arlene Kagan moved into the marital home. Exhibit A, Affidavit of Arlene Kagan at ¶11.

A2. Also living in the marital home were her husband's now 44-year-old daughter, Tammy Kagan, and his grandson, Michael McCarty. Tammy's other child, Alexa McCarty was living there at times, as she also attended college in Colorado. *Id.* at ¶12.

A3. On July 18, 2007, Allen removed his son Scott and added Arlene as a 32.8% beneficiary to his Minnesota Life-Target Policy, number 29661-800-1768866726 (hereinafter, "Target policy"). Exhibit B, December 8, 2001, Beneficiary Designation Form; Exhibit C, July 18, 2007, Change of Beneficiary Form.

A4. On September 21, 2007, Allen Kagan removed Arlene as a beneficiary to his Target Policy and renamed his son Scott to the policy. Exhibit D, September 21, 2007, Change of Beneficiary Form.

A5. On January 30, 2008, Allen wrote a letter to Minnesota Life and requested his Target Policy coverage to be reduced by $125,000. Exhibit E, January 30, 2008, Request to Reduce Coverage.

A6. On November 26, 2008, Allen reduced his coverage on the Target Policy from $630,000 to $330,000. Exhibit F, November 26, 2008, Request to Reduce Coverage.

A7. In early August, 2009, Allen reduced his coverage on the Target Policy from $330,000 to $100,000. Exhibit G, August 6, 2009, Confirmation of Request to Reduce Coverage.

A8. Allen Kagan suffered from a heart condition, which ultimately lead to his death. Exhibit A, ¶¶6-10.

A9. That from July, 2006, and during the course of the marriage, with three generations of Kagans living in the same household, Arlene Kagan witnessed tensions resulting between not only Allen and his daughter Tammy and granddaughter, Alexa, but also between Arlene and Tammy and Alexa. Exhibit A, ¶13.

A10. That from July, 2006, and during the course of her marriage with the late Allen Kagan, Arlene Kagan on numerous occasions personally observed Tammy Kagan verbally fighting with and screaming profanities at her father, Allen Kagan. Exhibit A, ¶14.

A11. That from July, 2006, and during the course of her marriage with the late Allen Kagan, Arlene Kagan on numerous occasions personally observed Alexa McCarty verbally fighting with and screaming profanities at her grandfather, Allen Kagan. Exhibit A, ¶15.

A12. From July, 2006, and during the course of her marriage with the late Allen Kagan, Arlene Kagan on several occasions personally observed Alexa McCarty verbally fighting with and screaming profanities at her, Arlene Kagan. Exhibit A, ¶16.

A13. After one such verbal episode involving Alexa, with Tammy's acquiescence, and Arlene Kagan, Allen Kagan wrote a letter to his granddaughter Alexa. Exhibit A, ¶17-20; Exhibit H.

A14. Allen Kagan worked as a pharmacist for Target and SuperValu. Exhibit A, ¶¶30.

Respectfully submitted,

Arlene Kagan, Defendant
by and through her attorneys,
KOMIE AND ASSOCIATES

By: __/s/ Stephen M. Komie_____
Stephen M. Komie
Komie and Associates
One North LaSalle St., 42nd Floor
Chicago, IL 60602
312.263.2800

# TABLE OF CONTENTS OF EXHIBITS

Description                                                                 Exhibit

Affidavit of Arlene Kagan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A

December 8, 2001, Beneficiary Designation Form. . . . . . . . . . . . . . . . . . . B

July 18, 2007, Change of Beneficiary Form. . . . . . . . . . . . . . . . . . . . . . . . C

September 21, 2007, Change of Beneficiary Form. . . . . . . . . . . . . . . . . . . D

January 30, 2008, Request to Reduce Coverage. . . . . . . . . . . . . . . . . . . . . E

November 26, 2008, Request to Reduce Coverage. . . . . . . . . . . . . . . . . . . F

August 6, 2009, Confirmation of Request to Reduce Coverage. . . . . . . . . . G

Letter from Allen Kagan to granddaughter, Alexa. . . . . . . . . . . . . . . . . . . . H

Cards from Allen Kagan to Arlene Kagan. . . . . . . . . . . . . . . . . . . . . . . . . . I

March 9, 2009 Photo of Allen and Arlene. . . . . . . . . . . . . . . . . . . . . . . . . . J

October 31, 2009 Photo of Allen and Arlene. . . . . . . . . . . . . . . . . . . . . . . . K

November 25, 2009 Photo of Allen and Arlene. . . . . . . . . . . . . . . . . . . . . . L

# CERTIFICATE OF SERVICE

The undersigned, deposes and states that a true and correct copy of the attached Claimant-Defendant Arlene Kagan's Answer to Cross-claimants' Statement of Material Facts Pursuant to Local Rule 56.1(b)(3) has been served upon the below named party(ies), by filing said document in the CM/ECF system on the  31st  day of  October , 2011.

To:     Ms. Catherine A. T. Nelson
       Cozen & O'Connor
       333 W. Wacker Drive, Suite 1900
       Chicago, IL 60606
       Attorney for Minnesota Life

       Mr. Steven N. Fritzshall
       Mr. Brad J. Pawlowski
       Fritzshall & Pawlowski
       6584 N. Northwest Highway
       Chicago, Illinois 60631
       Attorneys for other Kagan defendants

                                          /s/ Stephen M. Komie 
                                         Stephen M. Komie
                                         Komie and Associates
                                         One North LaSalle St., 42nd Floor
                                         Chicago, IL 60602
                                         312.263.2800